UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. BENJAMIN WOODHOUSE,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES GOVERNMENT ET AL.,<br><br>Defendants. | Case No. 2:21-cv-06372-SB<br><br>Plaintiff's *Reply to Motion for Default* and *Request for Judicial Notice* of Conflicted Defendants' Counsel's only recent admission to the Court on Oct. 10th, 2021, and after his filed *Motion to Dismiss*.<br><br>Hearing:<br>Date: November 12, 2021<br>Time: 8:30 AM<br>Place: Courtroom 6C<br>Judge: Hon. Stanley Blumenfeld, Jr. |

## **TABLE OF CONTENTS**

I.  INTRODUCTION……………………………………………………..1


II. IT IS PROPER TO SERVE A DEFENDANT'S ATTORNEY VIA

   F.R.C.P. 5(b)(1) AND ALPHABET INC. WAS PROPERLY SERVED

   …………………………………………………………………….2


III. ALPHABET INC. FAILS TO FILE A *NOTICE OF INTERESTED*

   *PARTIES* IN VIOLATION OF THE *LOCAL RULES* AND FAILS TO

   CAPTION HER *RESPONSE*……………………………………4


IV. ALPHABET INC. DUPLICATES ATTORNEY WORK PRODUCT

   AND FILES A *DECLARATION* OF 44 PAGES TO OBFUSCATE

   THE *STANDING ORDER* ON 25 PAGE OPPOSITION PAPERS

   …………………………………………………………………...5


V. ALPHABET INC. HAS THE RESOURCES TO DEFEND AND

   SHOULD IMPLEAD THE OTHER CONFLICTED DEFENDANTS IF

   CONFLICTED COUNSEL DID NOT PROVIDE THEM WITH THE

   SERVED DOCUMENTS…………………………………………….6

**VI. CONCLUSION……………………………………………………….8**

# MEMORANDUM OF POINTS AND AUTHORITIES

**Cases:**

*Biller v. Toyota Motor Company*, 668 F.3d 655 (9th Cir. 2012)…………..7

*Ho Sang Yim v. Barr*, No. 17-70624 (9th Cir. 2020)……………………...3

*In Re American Airlines v.*, 972 F.2d 605 (5th Cir. 1992)………………...5

*In Re Focus Media Inc.,* 387 F.3d 1077 (9th Cir. 2004)…………………..1,8

*Marble Bridge Funding Inc. v. Nature's Own Pharmacy*,

9th Circuit Case, 5:12-cv-08139…………………………………………..1,7

*Televideo Inc. v. Hidenthal*, 826 F.2d 915 (9th Cir. 1987)………………..1,4,8

*Venesevich v. Leonard*, 2008 WL 5340162……………………………….6

*Waits v. Frito Lay Inc.*, 978 F.2d 1093 (9th Cir. 1992)…………………...8

**Statues:**

*18 U.S.C. Section 1621*……………………………………………………1,3

**Rules:**

*F.R.C.P. 5(b)(1)*……………………………………………………………1,2

*F.R.C.P. 14*………………………………………………………………...7

*Judge's Standing Order*……………………………………………………5

*Local Rules 7-1*……………………………………………………………4

*Local Rules 7-3*……………………………………………………………1,3

*Model Rules of Attorney Conduct*………………………………………..2

iii

## I. INTRODUCTION

Alphabet Inc. haphazardly files this obstreperous response to the Plaintiff's *Motion to Default*, after failing to appear for over two whole weeks. Alphabet Inc. was properly served, in this matter, as two separate Alphabet Inc. Counsels, Ms. Kristin Linsley, and Mr. Kenneth Doran, were, both, served, via physical delivery, and first class mail, in separate city locations, and on separate occasions. *F.R.C.P. Rule 5(b)(1)*. *In Re Focus Media Inc.*, 387 F.3d 1077 (9th Cir. 2004)(service on attorney which represented corporation in previous matter sufficient). *Proof of Services*. Further, Alphabet Inc. has the means to defend itself, as a trillion dollar company, and the Plaintiff, here, cannot be held responsible for, either, omissions from Conflicted Defendants' Counsel for Nike Inc. and Facebook Inc., or, disorganization from Alphabet Inc. *Model Rules of Attorney Conduct*. Finally, Alphabet Inc's *Response* also: violates the *Local Rules*, makes a false assertion, and duplicates attorney work product, in its 44 page attached *Declaration*. *L.R. 7-1*, *18 U.S.C. Section 1621*. Default of Alphabet Inc. and punitive damages are appropriate in this instance, once large corporate conglomerates continue to use conflicted Counsels, and fail to appear, it foreshadows, a potential end to civil liability entirely. *Televideo Inc. v. Hidenthal*, 826 F.2d 915 (9th Cir. 1987), *Marble Bridge Funding Inc. v. Nature's Own Pharmacy*, 9th Circuit Case, 5:12-cv-01839.(refusal to defend grounds for default).

1            *Reply and Request for Judicial Notice*

## II. IT IS PROPER TO SERVE A DEFENDANT'S ATTORNEY VIA F.R.C.P. 5(b)(1) AND ALPHABET INC. WAS PROPERLY SERVED

First, the Court should note that *F.R.C.P. 5(b)(1),* explicitly directs service on Attorneys. *In Re Focus Media Inc*. Second, an Attorney Client relationship is created by an economic relationship and conferral, and never terminates, unless there is an affirmative *Notice of Withdrawal* filing, with the appearance of another counselor. *Model Rules of Attorney Conduct*. Alphabet Inc.'s Counsel loads her 44 page declaration with *Court Orders*, and documents, evidencing the representation of Alphabet Inc. by Ms. Linsley. *See Declaration of Alphabet Inc.'s Counsel*. We also argue that Mr. Doran has also satisfied the requirements for an Attorney relationship to have been established with Alphabet Inc. and he was properly served, here, on Oct. 10th, 2021, in addition. *Proof of Service*.

Moreover, Alphabet Inc.'s Counsel claims that Ms. Linsley conferred, with Mr. Woodhouse, Attorney for Plaintiff, on service, this is absolutely false. There was neither, phone calls, nor, emails exchanged prior to the services commencing on Oct. 10th, 2021 between Counsels, or, in any proximity to these dates. *Declaration Mr. Woodhouse*. Ms. Linsley did not confer at all since a mediation call in a 9th Circuit matter, until sending emails around Mr. Van Schwing's conferral on Sept. 24, 2021, with the initial one sent at 4:40 p.m. around 15 days after proper service

of Ms. Linsley, and Mr. Doran.  *Id.*  Ms. Linsley cannot change her mind about being Alphabet Inc.'s Counsel without any filed notice, 15 days after being served.

If Ms. Linsley has stated otherwise, as evidenced by Alphabet Inc.'s filing, it could be grounds for perjury, and such felonious conduct, could potentially be imputed to Alphabet Inc.'s Counsel.  *18 U.S.C. Section 1621*.  *Ho Sang Yim v. Barr*, No. 17-70624 (9th Cir. 2020).  Conflicted Defendants' Counsel also argues in its respective *Motion to Dismiss* false statements, around conferral.  *Court Record*.  Nevertheless, it is true that the Plaintiff's process server, after serving Mr. Doran without issue, called the Plaintiff to complain of the secretary at Gibson Dunn, in San Francisco, attempting to avoid service, at which point, the Plaintiff instructed the process server simply to drop the filing on the floor, and then mail a copy first class registered mail to the San Franciso Office, with Mr. Van Schwing, and Ms. Linsley titled.  *Declaration Mr. Woodhouse*.  The Court should, also, take *Judicial Notice* that Conflicted Defendants' Counsel had to confer with Alphabet Inc. on its *Motion to Dismiss*, under the *Local Rules*, and when no Attorney was on record to confer with, it should have requested an Attorney from Alphabet Inc.  *L.R. 7.3*.  The Plaintiff, here, could not contact Alphabet Inc, with Ms. Linsley being, on record as their attorney in an unsettled previous matter.  *Model Rules of Attorney Conduct*.

Furthermore, the Plaintiff also emailed Ms. Linsley, over three times with the case number, around the filing of the *Complaint*, telling her that a complaint had been filed, in order to compel disclosures around a concealed *Memo* that the Plaintiff has been told about by then Alphabet Inc.'s Counsel, involving Facebook Inc., in addition to other allegations.  Ms. Linsley appeared properly in conflicted status for, both, Facebook Inc. and Nike Inc, in this matter.  *Court Record*.  Finally, the matter between Havensight Capital, which is the Plaintiff's Company, and Alphabet Inc. remains unsettled, and there is absolutely, neither, *Notice of Withdrawal* on file for Alphabet Inc. nor, any *Notice of Appearance* for Alphabet Inc., in the *Court Record*, until this afternoon, when Alphabet Counsel filed her defective response, and a *Notice of Appearance*.  *Court Record*.  Thus, service, here, was proper and default is also proper for Alphabet Inc. latent, and laissez faire eventual appearance, in the form of a defective response filing.  *Televideo Inc. v.*

## III. ALPHABET INC. FAILS TO FILE A *NOTICE OF INTERESTED PARTIES* IN VIOLATION OF THE *LOCAL RULES AND FAILS TO CAPTION HER RESPONSE*

Alphabet Inc., here, has failed to file a *Notice of Interested Parties*, in violation of *Local Rules 7.1*.  *Court Record*.  This failure comes after Conflicted Defendants' Counsel for Nike Inc. and Facebook Inc., here, also failed to file a

4                         *Reply and Request for Judicial Notice*

*Notice of Interested Parties*, and then improperly without the Court's permission filed it, without any *Notice of Lodging*. *Id*. This is grounds alone to strike the Alphabet Inc.'s Counsel's document, and grant default. Alphabet Inc.'s Counsel, also, fails to properly caption the date, time and location of the *Motion of Default*, in violation of the *Local Rules*. The Plaintiff concedes that Alphabet's Counsel is admitted to the Central District, whereas, Conflicted Defendants' Counsel, Mr. Austin Van Schwing, was not admitted at the time of his frivolous *Motion to Dismiss* filing, and recently renewed his admission, on 10/10/2021, but before he filed his frivolous *Motion*, as evidenced by the Court's Admission website. The Court should take Judicial Notice of this fact.

## IV. ALPHABET INC. DUPLICATES ATTORNEY WORK PRODUCT AND FILES A *DECLARATION* OF 44 PAGES TO OBFUSCATE THE *STANDING ORDER* ON 25 PAGE OPPOSITION PAPERS

The *Court's Standing Order* calls for opposition papers to be 25 pages long, this rule was violated by Conflicted Defendants' Counsel, in their filed *Motion to Dismiss,* and, here, Alphabet Inc. has filed a 4 page document, with a 44 page *Declaration*. *Court Record*. *In Re American Airlines v*., 972 F.2d 605 (5th Cir. 1992). The Court, here, can construe this lengthy declaration to be an opposition document, disguised as a declaration, and strike the *Response* on length grounds. *Court Record*. *Judge's Standing Order*.

Moreover, it also appears from the over length *Declaration*, which is an opposition disguised, that Alphabet Inc.'s Counsel has plagiarized and copied large sections of Ms. Linsley, and Mr. Van Schwing's frivolous previous filings, which have a penchant for not asserting legal defenses to serious allegations, and rather reciting the *Record of the Court*. Such insipid and opaque insertions of Ms. Linsley's work are duplications of attorney work product, and are further grounds alone for the striking of this *Response* document, and the granting of Default. *Venesevich v. Leonard*, 2008 WL 5340162(application denied for copying 5 of 8 pages from another's work). *Model Rules of Attorney Conduct*. Moreover, collectively, these administrative violations of length, missing notices, and duplicate attorney work product, should move the Court to strike Alphabet Inc.'s *Response*, and grant default.

**V. ALPHABET INC. HAS THE RESOURCES TO DEFEND AND SHOULD IMPLEAD THE OTHER CONFLICTED DEFENDANTS IF CONFLICTED COUNSEL DID NOT PROVIDE THEM WITH THE SERVED DOCUMENTS**

First, it should be noted that Alphabet Inc. is a trillion dollar company, with in house Counsels that make tens of millions of dollars, and have relationships with many large law firms. There is no financial excuse for Alphabet Inc., here, not to have shown up, and defended against these serious allegations. We believe

that the tremendous economic prowess of Alphabet Inc., in relation to a Plaintiff, who is a small business owner, and with very limited resources should be weighted, in deciding whether to let grant default. *Marblebridge Funding Inc. v.*

Second, we are unsure, as it is not affirmed in Alphabet Inc.'s filing, whether they were told about the filing by their respective Counsel, Ms. Linsley, who is still Counsel of Record, in *Havensight Capital L.L.C. v. Alphabet Inc.,* which involves the Plaintiff's Firm, and failed to take action, or, if they were not told by Ms. Linsley, despite Ms. Linsley, appearing for other conflicted Defendants, in this matter. If they were not told, then Alphabet Inc. has an ethical responsibility to implead the conflicted Defendants, in this matter, and Ms. Linsley, and either pay Court awarded damages, or, a settlement resolution to the Plaintiff. *F.R.C.P. 14*. *Biller v. Toyota Motor Company*, 668 F.3d 655 (9th Cir. 2012). For Alphabet Inc. to hold the Plaintiff responsible for Defendants' Conflicted Counsel's, either, omission, or, their own respective disorganization, is highly distasteful, and almost ribald. Ms. Linsley cannot argue that she was unaware of the matter, as she has appeared for the other conflicted Defendants, as Conflicted Counsel. *Id*. The Court should also recognize that Trillion dollar companies using conflicted Counsels, who in this instance, are also masquerading which conflicted Parties that they actually represent, are exactly the kinds of issues with conflicts and multiple representations that Legal Scholars have contemplated, in both case law, and the

*Local Court Rules*. Thus, impleader, here, might also be proper, in addition to the granting of default of Alphabet Inc. for its two week sojourn. Finally, I affirm that I have served this document electronically on all Parties via the ECF system, and will have a process server deliver this filing to the agent process for Alphabet Inc. and file a *Proof of Service* in addition.

## VI. CONCLUSION

In conclusion, the Court, here, should grant default and award, both, full compensatory damages for all Parties, and punitive damages of any amount that it deems appropriate, as a result of Alphabet Inc. failing to appear for over two weeks, making a misstatement of fact in its filing, violating the *Local Rules*, and potentially even the *Court's Standing Order*. *Televideo Inc.*, *In re Focus Media Inc*. *Waits v. Frito Lay Inc*., 978 F.2d 1093 (9th Cir. 1992).

Respectfully submitted,

*/s/ Benjamin Woodhouse*
Benjamin Woodhouse esq.
2369 Kronprinsends Gade, Ste. #8
Charlotte, VI. 00801
805 478 1958
California Bar #261361
