UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-06372-SB | Date: | 11/24/2021 |
|---|---|---|---|

| Title: | Benjamin Woodhouse v. The United States Government et al. |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER ON DEFENDANTS' MOTION TO DISMISS

    Plaintiff Benjamin Woodhouse is a lawyer licensed to practice in the State of California and owner of a company called Havensight Capital, LLC (Havensight). Acting as an attorney for Havensight, Plaintiff has engaged in a course of abusive litigation against Nike, Inc. and Facebook, Inc. that has resulted in substantial sanctions against him and his company and orders declaring his company a vexatious litigant. This lawsuit is a part of that history, and Plaintiff now seeks to extend the abuse beyond Nike and Facebook to include others he has encountered in the path of his misguided crusade.

## PROCEDURAL BACKGROUND

    On August 6, 2021, Plaintiff filed this action against Nike, Facebook, their counsel Gibson Dunn & Crutcher LLP, Alphabet, Inc., the United States Government, the Chief Justice of the United States, and a number of federal judges in this district and the Ninth Circuit. Compl., Dkt. No. 1. He brings—as he has many times before—several claims for tortious conduct, including intentional

infliction of emotional distress, negligence, fraud on the court, and intentional interference with economical prospective advantage. *Id*. at 46–64.

Aside from asserting claims previously raised and dismissed, the complaint contains a stream of nonsensical and imagined allegations—including accusations of government torture and assassination attempts. Plaintiff explains that his complaint has two parts:

> The first part, brings Federal Claims against the United States Federal Government for: repeatedly endangering the Plaintiff's life, incorporating the Plaintiff into Government terrorist response strategies without consent, in a terrorist criminal situation, failing to respond with proper Federal procedures after known attempted assassinations on the Plaintiff's life, which the Plaintiff witnessed, intentionally inflicted bodily harm, Torture of the Plaintiff, with military grade weaponry, strategic and purposeful interference with private email communications in order to interfere with Plaintiff's economic gain, and interference of Plaintiff's trade relations with other Governments.
>
> The second part of the Complaint is for the U.S. Government's condoning, encouraging, and procuring of bribes, in exchange for, both, campaign favors from Facebook Inc., payments from Gibson Dunn Inc., and payments from Facebook Inc.'s ancillary companies, and consultants, to Judicial officers at multiple levels, and their respective contacts. Such alleged bribes, here, encompass but are not limited to: cash payments to Judicial officers and their respective associates, paid receptions, hiring of Judicial clerks in quid pro quo schemes, and procured favors, both, to sitting Judges, and across a network of Judicial officers. We also allege improper video surveillance within private property of the Plaintiff's family members by the conflicted Parties in this action. Facebook Inc. and its hired consultants, here, allegedly contracted with numerous Firms in: North Dakota, South Dakota, Idaho, and Montana, to create artificial businesses, in order to transfer compensation to Judicial officers, and in order to gain judicial favors from Government Leaders, who represented those economically challenged States.

*Id*. at 2–4.

Much of the facts alleged arise out of the same issues and claims that have been before multiple judges in this district over the past six years. Plaintiff's history of frivolous filings as counsel for Havensight is well established and extensively recorded in the vexatious litigant orders issued against Havensight by Judge Real, *Havensight Cap. LLC v. Nike, Inc. (Nike II)*, No. CV 14-7153-R, 2015 WL 3544111 (C.D. Cal. Apr. 22, 2015), and Judge Olguin, *Havensight Cap., LLC v. Facebook, Inc. (Facebook I)*, No. CV 17-6727 FMO (MRWx), 2018 WL 6340757 (C.D. Cal. Sept. 24, 2018).

Judges Real and Olguin imposed pre-filing conditions as part of their vexatious litigant orders. Judge Real ordered that Havensight obtain "permission from this Court prior to filing any action that arises from or relates to Havensight Capital LLC and its brand 'St. Thomas F.C.' against Nike, Inc." *Nike II*, 2015 WL 3544111, at *6. A few years later, after further abuse, Judge Olguin required that Havensight:

> (a) obtain written authorization from a District Judge or Magistrate Judge of this Court prior to filing any lawsuit in the United States District Court for the Central District of California against Facebook Inc. based on any allegation related to online advertisements, unfair business practices, anticompetitive conduct, fraud, tortious conduct, negligence, or racketeering; and (b) deposit $5,000 as security with the Court to secure the payment of any costs, sanctions, or other amounts which may be awarded against plaintiff or its counsel.

*Facebook I*, 2018 WL 6340757, at *20.

As Havensight's owner and counsel, Plaintiff appealed Judge Olguin's order dismissing the lawsuit, and the Ninth Circuit found the dismissal proper under the "doctrine of claim preclusion." *Havensight Capital LLC v. Facebook, Inc. (Facebook II)*, 776 F. App'x 420, 421 (9th Cir. 2019). The Ninth Circuit also found that Havensight had submitted "frivolous" filings in the district court and rejected Havensight's "unpersuasive" arguments on appeal—repeated by Plaintiff in this action—that "Facebook's counsel has alleged conflicts of interest." *Id*. Plaintiff filed three motions for rehearing, all of which were denied, with the Ninth Circuit adding that "no further filings will be entertained in this closed case." Declaration of Austin Schwing (Schwing Decl.), Dkt, No. 46, Ex. 21. Havensight then filed two more motions to reconsider, which the Ninth Circuit declined to entertain. *Id*., Ex. 22.

In this case, Plaintiff decided to file a lawsuit in his own name without complying with any of the pre-filing conditions imposed on his company, Havensight. Defendants Facebook, Nike, and Gibson Dunn (collectively, Defendants) move the Court to: (1) declare Plaintiff and any business he owns a vexatious litigant with respect to Facebook, Nike, and Gibson Dunn; (2) impose a pre-filing order requiring Plaintiff to obtain permission from this Court before filing any further actions against Defendants; (3) require Plaintiff to post security for the payment of any costs or sanctions awarded against Plaintiff; (4) hold Plaintiff in civil contempt for his failure to pay sanctions imposed by other judges in this district; (5) impose additional sanctions against Plaintiff; and (6) refer Plaintiff to the California State Bar. Notice of Motion, Dkt. No. 46, at 4–5. For the reasons below, the Court **GRANTS** Defendants' motion.

## DISCUSSION

### A.  Vexatious Litigant

Defendants ask the Court to declare Plaintiff and any business he owns to be a vexatious litigant with respect to Nike, Facebook, and Gibson Dunn.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Such abuse also unfairly imposes costs and burdens on its victims. For this reason, district courts have the authority to issue vexatious litigant orders under 28 U.S.C. § 1651(a). See *DeLong*, 912 F.2d at 1148 (noting the statutory source of this authority). Prior to imposing restrictions on a litigant, a court must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long*, 912 F.2d at 1147–48). Once pre-filing conditions have been imposed, a plaintiff's failure to follow them warrants dismissal. *See Menez-*

*Valenzuela v. Arizona*, 436 F. App'x 827, 828 (9th Cir. 2011) (affirming dismissal because plaintiff failed to comply with vexatious litigant orders); *Bak v. Brennan*, 2017 WL 6550870, *2 (C.D. Cal. Sep. 25, 2017) (noting that dismissal is appropriate for failure to comply with vexatious litigant orders). The Court considers each requirement below.

First, Plaintiff has had a full opportunity to be heard. A court may satisfy this due process requirement by allowing a party to be heard either through a "written submission" or at "an oral or evidentiary hearing." *Windsor v. Boushie*, 677 F. App'x 311, 312 (9th Cir. 2017). Both were provided here: Plaintiff filed an opposition to Defendants' motion to declare him a vexatious litigant, and the Court held a hearing on November 12, 2021. Plaintiff was present at the hearing and addressed the request to declare him a vexatious litigant and hold him in civil contempt. The Court also invited a supplemental submission on the contempt question.

Second, there is an existing record of abuse warranting an extension of the previously imposed vexatious litigant orders. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Plaintiff's history of filings in prior related matters is recounted in other prior vexatious litigant orders. *Facebook I*, 2018 WL 6340757, at *2–9; *Nike II*, 2015 WL 3544111, at *2–5.[1] Rather than repeat that history here, the Court incorporates it by reference. Moreover, since filing the instant action, Plaintiff has submitted at least fifteen filings in addition to his responses in opposition to Defendants' motions, including seven requests for default, eight summons requests, and several requests for the Court to take judicial notice that Defendants' "conflicted counsel" are not members of the local federal bar. Dkt. Nos. 4, 7, 10, 11, 14, 16, 18, 20, 21, 26, 32, 33, 34, 35, 40, 48, 57. The Court believes there is an adequate record to review the basis for the determination made in this case.

Third, the reasons for finding that Havensight's filings were frivolous apply equally here. The Court's previous orders declaring Havensight a vexatious

---

[1] As requested, the Court takes judicial notice of the orders and filings in Plaintiff's prior Havensight litigation. Schwing Decl., Exs. 2–19, 21–22, 24–27. *See Facebook I*, 2018 WL 6340757, at *4 n.6 (noting propriety of taking judicial notice of court records in determining vexatious litigant question).

litigant were grounded in Plaintiff's harassing, frivolous, and unethical conduct. In this lawsuit, Plaintiff has continued to submit filings of the type previously found to be frivolous: (1) bringing claims clearly barred by res judicata (such as the negligence and intentional interference with prospective economic advantage claims against Facebook), (2) asserting factual contentions that are "false, unsupported by evidence, or unlikely to be supported by evidence," and (3) requesting "default against defendants who had already answered or moved to dismiss." *Facebook I*, 2018 WL 6340757, at *17–18; *Nike II*, 2015 WL 3544111, at *4–5. Plaintiff has also continued his attempts to coerce a settlement from Defendants, *see, e.g.*, Schwing Decl., Exs. 33–34 (noting offers of settlement for $43,150,000 and $94,520,000), despite having been warned about his misconduct in doing so, *see Nike II*, 2015 WL 3544111, at *2 (admonishing Plaintiff for attempting to "coerce a settlement based upon lies—yes, lies—that [he] had received a default judgment for several hundred million dollars" (internal quotation marks omitted) (quoting Judge Wright)).[2] Further, when the Court allowed the parties to file supplemental briefing on Defendants' request to hold Plaintiff in civil contempt, Plaintiff responded only briefly to the limited question presented and instead improperly filed an *ex parte* application for default against the United States and others and disclosed his intent to file a motion for "obstruction" and Rule 11 sanctions against Defendants. Dkt. No. 57.

Though Plaintiff has filed this action in his own name, Havensight and Plaintiff are alter egos and in privity with one another. An alter ego relationship requires "(1) that there be such unity of interest and ownership that the separate

---

[2] On motions for contempt and motions to declare a party a vexatious litigant, the Court may consider relevant evidence. *See Benyamini v. Blackburn*, No. 2:13-cv-0205 MCE AC P, 2017 WL 1090165, at *7 (E.D. Cal. Mar. 23, 2017) (relying on evidence the plaintiff previously submitted in opposition to the defendants' motion for summary judgment in considering vexatious litigant motion); *Armstrong v. Brown*, 939 F. Supp. 2d 1012, 1019–22 (N.D. Cal. 2013) (considering evidence submitted with the parties' briefs on a motion for contempt); *Wilson v. Martin*, No. CIV 06-0830 ALA P, 2007 WL 2318127, at *2 (E.D. Cal. Aug. 10, 2007) (allowing the defendants to "present the necessary evidence in a re-filed motion to declare [the plaintiff] a vexatious litigant"). The settlement offers in this case may be considered in evaluating Plaintiff's conduct and whether there is a unity of interest between him and Havensight. *See* Fed. R. Evid. 408 (offers may be considered for a purpose other than "to prove or disprove the validity or amount of a disputed claim").

personalities of the corporation and [its owner] no longer exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1249 (9th Cir. 2017) (cleaned up).  Relevant factors for this fact-specific analysis include

> inadequate capitalization, commingling of funds and other assets, holding out by one entity that it is liable for the debts of the other, identical equitable ownership, use of the same offices and employees, use of one as a mere conduit for the affairs of the other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers.

*Id*. at 1250 (internal quotation marks omitted) (quoting *Smith v. Simmons*, 638 F. Supp. 2d 1180, 1191 (E.D. Cal. 2009)).

Plaintiff is "principal, manager, and counsel of record" for Havensight, which "has filed at least ten lawsuits in this District against large corporations and even a foreign state." *Facebook I*, 2018 WL 6340757, at *2, *18.  Havensight is "Plaintiff's owned investment firm," Compl. at 40, and its SEC filings identify Plaintiff as Havensight's executive officer, promoter, and director.  Schwing Decl., Ex. 11.  Havensight's website identifies only "Mr. Benjamin Woodhouse, Director," *id*., Ex. 28, and LinkedIn lists only one person associated with Havensight Capital—Benjamin Woodhouse, *id*., Ex. 29.[3]  Plaintiff also consistently references his affiliation with Havensight:  his emails to Defendants' counsel include a signature line identifying him as "Ben Woodhouse Havensight Capital," *id*., Exs. 30, 32, 37–39, and the settlement offers in those emails identify the potentially settling "Parties" as Nike, Facebook, and "Havensight Capital LLC," *id*., Exs. 33–34.  Moreover, Plaintiff requested that the settlement funds be paid to Havensight.  *See, e.g.*, *id*., Ex. 33, at 1 ("Nike Inc. will pay via electronic transfer, **$43,150,000.00** to Havensight Capital LLC, into the bank account designated by Havensight Capital LLC.").  The settlement offer also states that it is "specifically for the alleged Tort of Negligence, which specifically caused property damage to Havensight Capital LLC."  *Id*.  Plaintiff sent a similar draft settlement to

---

[3] As requested, the Court takes judicial notice of Havensight's website and SEC filings.  *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings subject to judicial notice); *Arroyo v. AJU Hotel Silicon Valley LLC*, No. 20-cv-08218-JSW, 2021 WL 2350813, at *2 (N.D. Cal. Mar. 16, 2021) (a party's website and its contents are proper subjects for judicial notice).

Facebook. *Id*., Ex. 34. He also forwarded Havensight's bank account wiring information for the settlement, demonstrating that there is no financial separation between Plaintiff and Havensight. *Id*., Ex. 35 (Havensight's redacted bank account information).

In addition, Plaintiff is bringing this lawsuit in his own name for alleged harm to Havensight, treating the company as indistinguishable from himself. He refers to Havensight seven times in his complaint to describe how Havensight was supposedly harmed by Defendants or the U.S. government. Compl. at 7, 40, 43, 53. And in the parties' Joint 26(f) report, Plaintiff indicates that he intends to seek discovery relating to the alleged conduct of Nike, Facebook, and Gibson Dunn underlying the previous lawsuits by Havensight against Nike and Facebook. Dkt. No. 51, at 7–13 (requesting discovery on "contact between Nike Inc. and Havensight Capital's prospective Customers," "all meetings . . . involving Havensight Capital," and "use of any private jets to transport any Judicial Officers in relation to any matter concerning Havensight Capital"). Significantly, Plaintiff in his opposition does not dispute that he and Havensight are alter egos; in fact, he appears to further confirm their unity of interest by asking the Court to reopen "all cases involving the Plaintiff, its Havensight Capital L.L.C. Firm, and these conflicted Defendants." Opp., Dkt. No. 48, at 2.[4]

When a party uses its alter ego corporation "to continue with his misuse of the litigation process . . . , compelling interests in equity warrant the conclusion

---

[4] It also worth noting that it was Plaintiff's misconduct that led to the Court's previous vexatious litigant orders. *Facebook I*, 2018 WL 6340757; *Nike II*, 2015 WL 3544111. Plaintiff, as Havensight's counsel, was admonished by several judges in this district for his practice of serially filing frivolous papers. Indeed, three judges imposed Rule 11 sanctions against Plaintiff for his misconduct, including making frivolous legal and factual arguments and making false statements. *See Havensight Capital, LLC v. Nike, Inc. (Nike I)*, 2015 WL 993344 (C.D. Cal. Feb. 18, 2015) (Real, J.) (imposing Rule 11 sanctions); Schwing Decl., Ex. 4 (Mar. 31, 2015 Order of Wright, J. ordering payment of $1,000 to the Court under Rule 11 and 28 U.S.C. § 1927); Schwing Decl., Ex. 25 (Sept. 22, 2015 Order of Real, J. ordering payment of $89,729.01 to Nike); *Facebook I*, 2018 WL 6340757, at *13–15 (Olguin, J.) (imposing Rule 11 sanctions); Schwing Decl., Ex. 26 (Nov. 9, 2018 Order of Olguin, J. ordering payment of $71,269.89 to Facebook). Judge Wright further warned Plaintiff that if he filed another repetitious motion he would be reported to the state bar—which Judge Wright then did after Plaintiff's subsequent failure to comply. *Nike II*, 2015 WL 3544111, at

that [the company is also] subject to the vexatious litigant law." *Say & Say, Inc. v. Ebershoff*, 20 Cal. App. 4th 1759, 1769–70 (1993) (applying the alter ego doctrine to "hold the corporation responsible for the actions of the individual who dominates and controls it"). The same principle holds true here in reverse: Plaintiff initially used his company to pursue a campaign of frivolous litigation, and now attempts to substitute himself in his company's place. But Plaintiff "so dominates and controls [Havensight] that there is no longer any separation between the conduct of the individual and the corporation." *United Computer Sys., Inc. v. AT&T Corp.*, 107 F. App'x 818, 820 n.3 (9th Cir. 2004) (citing *Say & Say, Inc.*, 20 Cal. App. 4th at 1768–70).

Thus, the Court finds that Plaintiff and Havensight are the alter egos of one another. To conclude otherwise on the facts of this case is to allow Plaintiff—or any like-minded vexatious litigant—to seriously weaken the force of a vexatious litigant order. The Court further finds that Plaintiff—both in this action representing himself and in prior litigation as counsel for Havensight—has engaged in an unceasing practice of filing frivolous and harassing papers that constitutes an abuse of process that has "wasted the resources of the parties and the court." *Facebook I*, 2018 WL 6340757, at *19.

Fourth, while Plaintiff has demonstrated beyond doubt that he is a vexatious litigant, "the pre-filing order must be narrowly tailored to [his] wrongful behavior." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007). A court "should consider whether other, less restrictive options, are adequate to protect the court and parties." *Ringgold-Lockhart*, 761 F.3d at 1064. The ordinary tools available to curb litigation abuse, including admonitions and sanctions, have proven ineffectual in deterring Plaintiff. His persistence in the face of escalating sanctions demonstrates that more drastic measures are necessary to limit the irreparable harm Plaintiff appears intent on inflicting. If there were any doubt about Plaintiff's unwillingness to comply with lesser sanctions, this lawsuit has removed it. Despite the undisputed fact that he is the alter ego of Havensight, Plaintiff has filed an action in his own name for the transparent purpose of trying to circumvent two vexatious litigant orders. *See* discussion *supra*.

A tailored response to Plaintiff's latest maneuver requires a broader order declaring Plaintiff and any company he owns to be a vexatious litigant. In

---

*1 (recounting Judge Wright's warning to Plaintiff in a prior case); Schwing Decl., Ex. 4 (Mar. 31, 2015 Order of Wright, J. reporting Plaintiff to the state bar).

addition, the order must be extended to protect Gibson Dunn, which has been brought into the litigation because of its representation of Nike and Facebook. The Court finds that a modified vexatious litigant order akin to the one issued in *Facebook I*, 2018 WL 6340757, at *20, is necessary to protect Defendants from Plaintiff's harassment. And if Plaintiff files another lawsuit against Defendants, there will be an automatic stay to allow the Court to evaluate whether the lawsuit falls within the scope of this order. This stay will alleviate the need for Defendants to respond to Plaintiff's voluminous, frivolous filings, which is expensive and burdensome. Accordingly, the Court finds that the pre-filing order that will issue in this case is narrowly tailored to address Plaintiff's misconduct.

Finally, Defendants request that Plaintiff be required to deposit $5,000 with the Court "to secure the payment of any costs, sanctions, or other amounts that may be awarded against Plaintiff." Notice of Motion at 5. "There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). Judge Olguin previously required Havensight to post a $5,000 security upon finding that Havensight was "a vexatious litigant and there is no reasonable probability that plaintiff will prevail, as the court is dismissing the action." *Facebook I*, 2018 WL 6340757, at *19. He found that the amount requested was reasonable "given plaintiff's record of post-dismissal motions and other filings in prior cases it litigated in this district." *Facebook I*, 2018 WL 6340757, at *19. This Court makes similar findings here: Plaintiff is a vexatious litigant; he filed this lawsuit in violation of vexatious litigant orders; he has no reasonable probability of prevailing in this case; and a $5,000 pre-filing security requirement is necessary to protect against future abuse. In the event that Plaintiff claims he is unable to pay the pre-filing security deposit, he may file an application to proceed in forma pauperis for purposes of being relieved of this payment obligation.

### B. Civil Contempt

Defendants ask the Court to hold Plaintiff in civil contempt for violating the pre-filing conditions in the prior vexatious litigant orders and for failing to pay sanctions ordered by judges in this district.

A court may find a party in civil contempt if "(1) [the party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *In re*

*Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A district court "has wide latitude in determining whether there has been a contemptuous def[ianc]e of its order." *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (internal quotation marks omitted) (quoting *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984)). The moving party must demonstrate by clear and convincing evidence that the alleged contemnor violated "a specific and definite order of the court." *Id*. at 856 n.9. The burden then shifts to the opposing party to demonstrate that "they took every reasonable step to comply." *Id*. The contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695.

The Court finds Plaintiff in civil contempt for violating the prior vexatious litigant orders. Plaintiff brings claims that arise out of the same allegations made in the prior litigation under Havensight's name. Plaintiff did so without complying with the prior vexatious litigant orders; instead, he filed a lawsuit in his own name in an apparent effort to circumvent those orders. A party may not evade vexatious litigant orders through subterfuge. *See Tangwall v. Compton*, No. 4:18-CV-00007-SLG, 2020 WL 2527930, at *1 (D. Alaska May 18, 2020) (vexatious litigant may not evade pre-filing requirements by using "other individuals and entities to make filings on his behalf"); *Pierce v. Trump*, No. CV 17-07267-R (RAO), 2018 WL 1220925, at *1 (C.D. Cal. Mar. 6, 2018) (same). Nor does the use of such a ploy provide a safe harbor for contemnors. *See, e.g.*, *Hawaii Masons' Health & Welfare Fund, Etc. v. Dynamic Interiors, LLC*, No. 14-00434 LEK-RLP, 2016 WL 5219453, at *3 (D. Haw. Sept. 20, 2016) (holding the defendant directly liable for civil contempt sanctions against his company because they were alter egos); *Fed. Trade Comm'n v. Data Med. Cap., Inc.*, No. SA CV 99-1266 AHS (EEx), 2010 WL 1049977, at *22 (C.D. Cal. Jan. 15, 2010) (holding that the defendant's corporation was bound by and in contempt of the permanent injunction issued against the defendant because allowing the corporation "to circumvent" the injunction "would frustrate [its] equitable purposes . . . , undermine the inherent authority of this Court to enforce its orders, and be an 'inequitable result'"); *Fed. Trade Comm'n v. Gill*, 183 F. Supp. 2d 1171, 1184–85 (C.D. Cal. 2001) (holding the defendant's "sham corporation[]" in contempt for violating the injunction issued against the defendant because they were alter egos). Here, Plaintiff and Havensight are alter egos of one another, and Plaintiff had notice as Havensight's counsel of the pre-filing requirements of the vexatious litigant orders. Thus, the Court finds that Plaintiff is in civil contempt for violating the pre-filing conditions of the vexatious litigant orders. *See Shalaby v. Bernzomatic*, No. 3:11-cv-0068-AJB, 2019 WL 3843003, at *2 (S.D. Cal. Aug. 15, 2019) (granting motion for

contempt against plaintiff who violated court's prior vexatious litigant order); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2016 WL 4436312, at *9 (N.D. Cal. Aug. 23, 2016) (same).

Defendants also seek a finding of civil contempt for Plaintiff's failure to pay sanctions in the amount of $161,9998.90 imposed against him for his misconduct in prior litigation.[5] In opposing the contempt motion, Plaintiff had not argued that he was unable to pay the sanctions, much less provide evidence of such inability. He first asserted this defense at the contempt hearing. A contemnor may defend against a finding of contempt by showing a present inability to comply. *See United States v. Rylander*, 460 U.S. 752, 757 (1983). "[O]ne petitioning for an adjudication of civil contempt does not have the burden of showing that the respondent has the capacity to comply." *N.L.R.B. v. Trans Ocean Exp. Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973). Rather, under Ninth Circuit law, the contemnor must establish "categorically and in detail" why he is presently unable to comply with the court's order. *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) (internal quotation marks omitted) (quoting *Trans Ocean*, 473 F.2d at 616). "Ability to comply is the crucial inquiry, and 'a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey.'" *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) (quoting *Donovan v. Mazzola*, 761 F.2d 1411, 1418 (9th Cir. 1985)).

Because Plaintiff had not asserted the inability-to-pay defense until the hearing, the Court provided the parties with an opportunity to address this defense in a supplemental filing. In response, Plaintiff only briefly addressed the issue, asserting that he has limited funds and "no additional assets to present." Dkt. No. 57 at 9. This assertion falls far short of satisfying Plaintiff's burden of establishing "in detail" why he is unable to pay the imposed sanctions. *Trans Ocean*, 473 F.2d at 616. Based on the current record, Plaintiff appears to be in civil contempt for failing to pay the sanctions. Nevertheless, the Court will permit Plaintiff to supplement the record to demonstrate his inability to pay and reminds him that he has the burden of production. If Plaintiff wishes to pursue this defense, he must provide sufficient evidence of his inability to pay, including:

---

[5] *Schwing Decl.*, Ex. 25 (Sept. 22, 2015 Order of Real, J. ordering payment of $89,729.01 to Nike); *id*., Ex. 4 (Mar. 31, 2015 Order of Wright, J. ordering payment of $1,000 to the Court under Rule 11 and 28 U.S.C. § 1927); *id*., Ex. 26 (Nov. 9, 2018 Order of Olguin, J. ordering payment of $71,269.89 to Facebook).

> (1) all bank statements for Plaintiff or any of his companies for the last six months; (2) all statements for any investment accounts (e.g., stocks, bonds, or mutual funds) held by Plaintiff or any of his companies for the last six months; (3) the most recent tax returns for Plaintiff and all of his companies; (4) an accounting of any real estate or vehicles that Plaintiff or any of his companies owns; and (5) a sworn declaration under penalty of perjury that he has produced true and correct copies of all the required documents.

See *Schmidt v. Baldy*, No. CV 16-9368 DSF (AGRx), 2019 WL 8219482, at *2 (C.D. Cal. Apr. 17, 2019) (noting a court's ability to order adequate proof of inability to pay). Plaintiff may file these materials under seal, and Defendants shall keep the materials confidential. If Plaintiff elects to supplement the record, he must file and serve the required documents **by no later than December 22, 2021**.

Defendants further request that the Court impose sanctions for Plaintiff's civil contempt, including compensatory sanctions for attorney's fees, expenses, and costs, and coercive sanctions of $100 per day to be paid to the Court until the sanctions are paid. Motion at 21–22. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)). Coercive sanctions are payable to the court and are designed to coerce the party in contempt to come into compliance. *Id*. Plaintiff has demonstrated time and again his refusal to comply with court rules and orders, even when sanctions are threatened and later imposed. However, the Court declines to impose coercive sanctions at this point in light of the absence of information about Plaintiff's ability to pay and its concern about his mental fitness.

Compensatory awards, on the other hand, are payable to the opposing party and "are limited to 'actual losses sustained as a result of the contumacy.'" *Gen. Signal Corp.*, 787 F.2d at 1380 (emphasis omitted) (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983)). Further, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Accordingly, the Court will award sanctions, for violating the vexatious litigant orders and under Section 1927, in the amount of reasonable attorney's fees and costs incurred in

defending this action, including the filing of this motion. **By no later than December 8, 2021**, Defendants shall submit an application with adequate documentation of attorney's fees and costs incurred along with a sufficiently detailed proposed order. If Plaintiff wishes to challenge the amount that Defendants request, he must do so **by no later than seven days after Defendants file their motion**.

      C.      <u>**Bar Referral**</u>

Plaintiff is a member of the State Bar of California. Multiple federal judges have reviewed filings submitted by Plaintiff and have expressed serious concern about his repeated misconduct. One district judge previously referred Plaintiff to the State Bar. *See* Schwing Decl., Ex. 4 (Judge Wright's 2015 referral of Plaintiff to the California State Bar). That referral, made six years ago, produced no apparent result.

It is no exaggeration to say that Plaintiff's behavior is concerning, and it is obvious that his conduct warrants attention. Even a cursory review of his filings raises a serious question of Plaintiff's current fitness to practice law. His often non-linear filings contain erratic, bizarre, and nonsensical accusations—including allegations that U.S. military personnel instructed strangers to sexually harass him and that the U.S. government repeatedly attempted to assassinate him by, among other things, attempting to fly a fighter jet into him while he was studying on an Australian beach. Compl. at 33, 36. At the hearing in this case, Plaintiff repeatedly strayed from questions asked and appeared to perseverate on "the national security apparatus" and other nonsensical matters.

This matter demands appropriate review, consideration, and action to protect the public. The Court therefore directs the clerk to **REFER** this matter to the California State Bar for a determination of whether to initiate proceedings against Plaintiff Benjamin Woodhouse.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion is **GRANTED** and Plaintiff's complaint is **DISMISSED with prejudice** as a violation of the Court's vexatious litigant orders. **IT IS HEREBY ORDERED** that:

1.      The Court declares Plaintiff to be a vexatious litigant who is precluded—<u>either directly or indirectly through an entity he owns or</u>

    controls—from filing in the U.S. District Court for the Central District of California (CDCA) any action for claims described below against Nike, Inc., Facebook, Inc.,[6] and Gibson Dunn & Crutcher LLP, and each of their respective employees, directors, officers, attorneys, or partners (the Protected Parties), absent strict compliance with the terms set forth in this paragraph.  Specifically, Plaintiff shall: (1) obtain written authorization from a CDCA District or Magistrate Judge prior to filing any lawsuit in the CDCA against the Protected Parties for claims asserting government corruption or conspiracies or any issues or allegations raised in previous litigation in which Havensight was declared a vexatious litigant, including online advertisements, unfair business practices, anticompetitive conduct, breach of contract, misappropriation of trade secrets, infringement of intellectual property, fraud, tortious conduct, negligence, or racketeering; and (2) deposit $5,000 with the clerk of the court to secure the payment of any costs, sanctions, or other amounts that may be awarded against Plaintiff.  The Protected Parties need not respond to any future lawsuit or filings by Plaintiff or any of his businesses unless and until this Court decides whether the lawsuit falls within the scope of the vexatious litigant order and should be permitted to proceed.[7]

2. The Court finds Plaintiff to be in **civil contempt** for violating the prior vexatious litigant orders and appears to be in civil contempt for failing to pay sanctions ordered by other judges in this district.  Plaintiff shall have until **no later than December 22, 2021** to provide sufficient evidence of his present inability to pay the outstanding sanctions.  If Plaintiff wishes to provide sufficient evidence of his inability to pay, he must provide:  (1) all bank statements for Plaintiff or any of his companies for the last six months; (2) all statements for any investment accounts (e.g., stocks, bonds, or mutual funds) held by

---

[6] Facebook, Inc. has since changed its name to Meta Platforms, Inc.  Dkt. No. 55, at 2 n.1.  To avoid confusion, the Court refers to Defendant as Facebook, Inc., but the Court's Order applies equally to any action involving Meta Platforms, Inc.

[7] To the extent that it is not obvious whether Plaintiff has filed a lawsuit against a Protected Party (e.g., a Nike employee not specifically identified in this lawsuit) or whether Plaintiff has filed in the name of a business he owns, the Protected Party should file a notice of protection under this order with a brief explanation.

       Plaintiff or any of his companies for the last six months; (3) the most recent tax returns for Plaintiff and all of his companies; (4) an accounting of any real estate or vehicles that Plaintiff or any of his companies owns; and (5) a sworn declaration under penalty of perjury that he has produced all of the required documents and has not altered them in any way. Plaintiff may file these materials under seal, and Defendants shall keep the materials confidential.

3. Plaintiff is ordered to pay Defendants' reasonable attorney's fees and costs expended in defending this action, including the filing of this motion. **By no later than December 8, 2021**, Defendants shall submit an application for attorney's fees and costs with a sufficiently detailed proposed order setting forth the fees and costs they incurred in defending this action and any necessary documents supporting a reasonable request for attorney's fees and costs. If Plaintiff wishes to challenge the amount that Defendants request, he must do so **by no later than seven days after Defendants file their motion**.