1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7          CENTRAL DISTRICT OF CALIFORNIA

8
                                            Case No. 2:21-cv-06372-SB
9     MR. BENJAMIN WOODHOUSE,

10                                          Plaintiff's *Motion for Default of
                              Plaintiffs,   Alphabet Inc., Nike Inc., Facebook Inc.,
11                                          and Gibson Dunn Inc.*, *Motion for a
                                            New Trial and to Re-Open case*, *Motion
12    v.                                    to Re-Assign Case for Judicial Bias*,
                                            *Motion to Disqualify Judge*,
13    THE UNITED STATES                     *Requests for Judicial Notice*, *Motion for
      GOVERNMENT ET AL.,                    Rule 11 Sanctions and Obstruction of
14                                          Justice against Nike Inc., Facebook Inc.,
                                            and Gibson Dunn Inc.*, and *Request to
15                            Defendants.    Refer the Case to the Department of
                                            Justice, and California Bar for further
16                                          Guidance to the Court on Conflicted
                                            Counsel's plead felonies, triple conflict,
17                                          and procedural violations.*
18
19                                          **Hearing:**
                                            **Date: January 7, 2021**
20                                          **Time: 8:30 AM**
                                            **Place: Courtroom 6C**
21                                          **Judge: Hon. Stanley Blumenfeld, Jr**
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**I.  INTRODUCTION………………………………………………1**

**II.  THE TRIPLE CONFLICTED DEFENDANTS, HERE, SHOULD BE DEFAULTED FOR: ALLEGED PLEAD FELONIOUS CONDUCT ACROSS THREE SEPERATE INSTANCES, A CONCURRENT TRIPLE CONFLICT, AND A CACOPHANY OF PROCEDURAL VIOLATIONS…………………………………………………..6**

**III.** *REQUEST FOR JUDICIAL NOTICE* **THAT PLAINTIFF'S UNOPPOSED** *MOTION FOR DEFAULT*, **PLAINTIFF'S** *APPLICATIONS*, **AND THREE** *REQUESTS FOR JUDICIAL NOTICE* **WERE NOT AJUDICATED IN THIS MATTER…………………..8**

 **IV. JUDICIAL BIAS, AND RE-ASSIGNMENT IS PROPER AS DUE PROCESS WAS VIOLATED AND THE COURT FAILED TO ENFORCE FELONIES, CONFLICTS, AND PROCEDURAL VIOLATIONS……………………………………………..10**

**V. OBSTRUCTION AND F.R.C.P. Rule 11 SANCTIONS………..12**

i

**VI.  REQUEST FOR REFERRAL OF MATTER TO CALIFORNIA STATE BAR AND THE DEPARTMENT OF JUSTICE FROM RE-ASSIGNED COURT IMMEDIATELY AND REQUEST FOR JUDICIAL NOTICE THAT THE COURT CITES SPECIFICALLY TO FELONIOUSLY ENTERED SETTLEMENT AMOUNTS IN ITS DEFECTIVE MINUTES ORDER……………………………………..14**

**VII. AFFIDAVIT……………………………………………..15**

**VI. CONCLUSION……………………………………………..16**

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

*Alpex Computer Corp. v. Nintendo Co., Ltd.*, 770 F.Supp. 161, 163 (S.D.N.Y. 1991)……………………………………………1

*Caperton v. A.T. Massey Coal Co. Inc. et al.*, 556 U.S. 868 (2009)………2,10

*Gold Refinery, LLC v. Aloha Island Gold*, LLC, 2014 WL 692907………2

*Hauke Capital Partners L.P. v. Aeromed Services Corp.*, 2014 WL 2139250……………………………………………………9

*Ho Sang Yim v. Barr*, No. 17-70624 (9th Cir. 2020)………………...5, 12

*In Re American Airlines v.*, 972 F.2d 605 (5th Cir. 1992)………………...5,11,12, ………………………………………………………..16

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)…………………………………….9

*In Re Focus Media Inc.*, 387 F.3d 1077 (9th Cir. 2004)………………...10

*Lopez v. First Union National Bank of Florida*, 129 F.3d 1186 (11th Cir. 1997)……………………………………………11

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992)……………………………………………1,4,8,12

*Rush v. Obledo*, 756 F.2d 713, 721 (9th Cir. 1985)………………………11

*Televideo Inc. v. Hidenthal*, 826 F.2d 915 (9th Cir. 1987)………………...1,4,8

*United States v. Contra Costa County Water Dist.*, 678 F.2d 90

iii

(9th Cir. 1982)…………………………………………………………1

*United States v. Nayab v. Capital One Bank* (USA), N.A.,

No. 17-55944 (9th Cir. 2019)……………………………………………...7

*U.S. v. Brown*, 539 F. 2d 467 (5th Cir. 1976)……………………………...10

*U.S. v. Marinello*, 839 F.3d 209 (2d Cir. 2016)…………………………...4,12

*Waits v. Frito Lay Inc*., 978 F.2d 1093 (9th Cir. 1992)…………………...8,16

*Weride Corp. v. Huang*, 379 F. Supp. 3d 834, 855 (N.D. Cal. 2019)…….2,16

**Statues:**

*18 U.S.C. Section 455*…………………………………………………2

*18 U.S.C. Section `1030*…………………………………………...5,12,16

*18 U.S.C. Section 1512*………………………………………………12

*18 U.S.C. Section 1621*………………………………………………1,6,8

*18 U.S.C. Section 1832*………………………………………………1,6

*18 U.S.C. Section 1834*………………………………………………3

*U.S. Constitution*…………………………………………………...4,10

**Rules:**

*F.R.C.P. 11*…………………………………………………………...4

*F.R.C.P. 59*…………………………………………………………...1

*F.R.C.P. 60*…………………………………………………………...1

iv

*Federal Rules of Evidence 408*……………………………………………4,12

*Judge's Standing Order*…………………………………………………1

*Local Rules*………………………………………………………...6

*Model Rules of Attorney Conduct*………………………………....13

v

# I. INTRODUCTION.

The Plaintiff moves the Court, here, to re-open this matter, grant default against, Nike Inc., Facebook Inc., and Gibson Dunn Inc. for a myriad of alleged plead felonious conduct, voluminous violations of, both, the Court's *Local Rules*, and the Judge's *Standing Order,* felonious entry of recent settlement offers into the public record, a triple conflict, Conflicted Counsel filing both *Replies* to his duplicative *Motions* late, a failure to oppose a *Motion for Default*, Conflicted Counsel not being admitted to the Court, on the first *Motion*, alleged perjurious statements, and for arguing cases that do not stand for Conflicted Counsel position, across filings. *F.R.C.P 59, 60. 18 U.S.C. Section 1621. Alpex Computer Corp. v. Nintendo Co*., Ltd., 770 F.Supp. 161, 163 (S.D.N.Y. 1991) (asserting that "litigation need not have actually commenced for *Rule 408* to apply"). *United States v. Contra Costa County Water Dist*., 678 F.2d 90 (9th Cir. 1982) (evidence of settlement offers not admissible). *In Re American Airlines v*., 972 F.2d 605 (5th Cir. 1992). Under the totality of circumstances, the Court must possess the requisite volition to send these three conflicted Clients, an imminent ruling, about conflicts, felonious conduct, and continuous and unabated procedural violations. *18 U.S.C. Section 1832. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992)(court enforced default for electronic record takings). *Livingston v. Art.com Inc*., Case No. 13-cv-03748-JSC

1    *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

(N.D. Cal. 2015)(motion for default granted for Plaintiff in takings of electronic photos). *Weride Corp. v. Huang*, 379 F. Supp. 3d 834, 855 (N.D. Cal. 2019)(default proper for electronic records taking). *Gold Refinery, LLC v. Aloha Island Gold, LLC*, 2014 WL 692907(motion for default granted for trade secret appropriation). Plaintiff also has alleged, among other criminal conduct, a $100MM third party payment, and almost constant felonious contacts with Plaintiff's customers and bankers, after felonious entry onto Plaintiff's computer, and email. *Complaint*. Further, punitive damages, here, are imperative and should commensurate with the blatant and unimpeded nature of the plead criminal conduct, in addition to the alleged conduct, and voluminous procedural violations. *Waits v. Frito Lay Inc*., 978 F.2d 1093 (9th Cir. 1992).

Additionally, the Plaintiff moves the Court, here, to re-assign the case for Judicial bias, as the Court, was unable to adjudicate Plaintiff's *Motion for Default*, which was unopposed, unable to adjudicate Plaintiff's two *Applications*, one of which requested self default for an illegal oral request from the Court, for Plaintiff to plead the current amount in his bank account, in front of the public, and unable to adjudicate the three *Requests for Judicial Notice* around unopposed *Motions*, and Conflicted Counsel's not being admitted to the Court. *Court Record*. *28 U.S.C. 455*. *Caperton v. A.T. Massey Coal Co. Inc. et al*., 556 U.S. 868

2    *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

(2009)(Judicial bias reversible error for violation of due process).  A direct due process violation for each of these acts.

The Court, here, also in additional reversible error, cited directly to the feloniously plead settlement offers, which the Plaintiff had sent to the Conflicted Counsel, citing to the exact dollar amount, as a basis for its defective *Order.  Page 7, Court's Defective Minutes Order*.  We assume that the Court, here, became inadvertently severely confused, by the cadre of plead felonies, triple conflicted representation, procedural violations, Conflicted Counsel consistent pleading of cases that did not stand for Conflicted Counsel's position and late filings, and we have requested that the Re-Assigned case, assign this matter, both, to the Department of Justice, and California Bar, to guide the previous prejudiced Court, on matters of enforcing felonies and conflicts, and to review the $100MM third party payment.  While the Plaintiff has no additional assets to present to the Court, other than those plead, the signal about the Plaintiff no longer being held responsible for the felonies and conflicts of trillion dollar companies, is one that has very serious National Security consequences.  Thus, a Re-assigned Court, might be better suited to properly adjudicate this matter.

Furthermore, unadjudicated motions, illegal questions, and plead criminal conduct, in association with triple conflicted representation, could never be warranted under any circumstances, and not a basis for awarding sanctions to the

3     *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

offending Party.  We also want to be precise, however, in stating that if this Fourth *Motion* document goes unadjudicated, referral to a National Security Agency and the closing of all civil Court in the United States, will be the correct procedural protocol under the circumstances.  *18 U.S.C. Section 1834.*  Conflicted Counsel, here, cannot offer any case law, which would allow a Court to not adjudicate documents in order to reward Conflicted Counsel for plead felonies, a triple conflict, arguing incorrect cases, and breaking more procedural rules that we can even list in these *Motions*.  *U.S. Constitution.*  Other Quasi Government Agencies might not necessarily share our inadvertent error perspective, on failure to enforce felonies and conflicts.  We also make no inquiry into whether the Court has plead a felony by citing to the feloniously entered settlement offers, and if the Department of Justice should prosecute the Court, as we expect this issue to be moot, on default of the conflicted Parties.  *Federal Rules of Evidence 408.  Richmark v.*  We expect the Re-Assigned Court, to correct these inadvertent errors, which were caused by Conflicted Counsel's criminal actions, in addition to the triple concurrent conflicted representation, and award default and punitive damages, as justice requires.

Lastly, we also bring a *Motion for Obstruction*, and a *Motion for F.R.C.P. Rule 11 Sanctions* against Conflicted Counsel, here, but not against Alphabet Inc.'s Counsel which was compliant in initial disclosures.  *U.S. v. Marinello*, 839 F.3d

4      *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

209 (2d Cir. 2016). We requested initial disclosures of discovery conducted, in the pre discovery, primarily depositions of military personnel, my customers and bankers, and Pepperdine Law classmates, and Administration from Conflicted Counsel. *Joint Statement*. Conflicted Counsel refused in writing, and on conferral over the phone to provide the pre discovery admission, which is stand alone grounds for default, notwithstanding the plead felonies, triple conflicted representation, and arguing of cases that do not stand for his position across filings *Federal Rules of Evidence 408*. *Ho Sang Yim v. Barr*, No. 17-70624 (9th Cir. 2020). We were not provided these disclosures, before the hearing, and the Court refused to request the disclosures from the Conflicted Counsel, which again is another reversible error on stand alone grounds.

We expect, both, the California Bar Leadership, in unison, and the Department of Justice to dismiss Ms. Linsley, and Mr. Van Schwing, with life time bans, not only for the obstruction, here, but also for the plead felonious conduct, which is found across multiple matters. The fact that Mr. Van Schwing feloniously entered one of 300 pages of email to boast about intercourse with my colleague's wife in one of the matters, is not the basis for the dismissal, here, rather it is the felonious entry of the settlement offers, the triple conflicted representation, alleged perjurious statements, the late filings, and alleged third party payment, in this matter that is basis for permanent dismissal. *Id. 18 U.S.C. Section 1030*. We

5  *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

make no inquiry whatsoever into punitive action against this Court for direct citation to Conflicted Counsel's felonious entry of settlement offers, if this matter remains a matter of public record, and default is not granted imminently in the interest of justice.  We simply expect the Court to correct its inadvertent error, before other Governing Agencies intervene, and the matter goes before the 9th Circuit.

## II.  THE TRIPLE CONFLICTED DEFENDANTS, HERE, SHOULD BE DEFAULTED FOR: ALLEGED PLEAD FELONIOUS CONDUCT ACROSS THREE SEPERATE INSTANCES, A CONCURRENT TRIPLE CONFLICT, AND A CACOPHANY OF PROCEDURAL VIOLATIONS.

First, Conflicted Counsel filed an initial motion, while not be admitting to the Court, and only recently joining the Court, on Oct. 10th, 2021, as evidenced by the Central District of California Admission search on the Court's website. Second, Conflicted Counsel, here, filed two duplicate defective motions, which were an inappropriate length, in violation of the *Local Rules*, and proceeded to compound the errors, with various *Notices*, and *Declarations*, which were filed independently, and without a *Notice of Lodging.  Court Record.  Section cites to Plaintiff's Unopposed Reply to Motion for Default.*  Additionally, the first motion, failed to include a *Notice of Interested Partie*s, in violation of the *Local Rules.*

6      *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

Third, Conflicted Counsel, here, has used citations in his footnotes in, both, verbose duplicate motions, in violation of the *Judge's Standing Order.  Court Record.*  Also, an improper schedule was introduced when the Conflicted Counsel filed his duplicate motion, 27 days from the hearing date, in violation of the *Local Rules.*

Furthermore, and more seriously, Conflicted Counsel, here, has feloniously entered attorney communications, which are privileged into the record, and stated multiple dollar amounts for sent settlement offers, in this matter.  *18 U.S.C. Section 1030.  18 U.S.C. Section 1832.  United States v. Nayab v. Capital One Bank* (USA), N.A., No. 17-55944 (9th Cir. 2019).  Such offer amounts are highly prejudicial, and invites the entire public to join in, on serious and confidential settlement discussions between Parties.  *Id.*  Moreover, Conflicted Counsel, here, has allegedly committed perjury in citing a failing to confer, only to then attach conferral emails, titled as that, and listed as *Exhibit A.  18 U.S.C. Section 1621. Plaintiff Opposition to Defendant's First Motion.*  The Court, here, should also note that the Plaintiff conferred on this *Motion,* via written correspondence to Conflicted Counsel, immediately upon being apprised of the plead felonious conduct.  *Declaration Mr. B. Woodhouse.*  This filing will also be served electronically via the ecf system.  *Id.*  Further, an additional alleged perjurious statement was also entered in Alphabet Inc's *Reply,* in stating that Conflicted

7    *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

Counsel conferred with Plaintiff on service of Alphabet Inc. and Conflicted Counsel, here, should remain responsible for those statements.  18 *U.S.C. Section 1621.  Court Record.  Plaintiff's Reply to Motion for Default of Alphabet Inc.*

Lastly, if all of this plead criminal conduct, and procedural violations were not sufficient for the Court, to rise up, and deliver a message to these trillion dollar companies, Conflicted Counsel, here, also insipidly attempts to represent his very own Firm, Nike Inc. and Facebook Inc. concurrently.  *In Re American Airlines v.* Unfortunately, we will need, in the discovery period to understand how to assign fault for alleged running down of our Customers and Investment Bankers, after felonious entry into our computer files, and email, thus these Parties' respective legal interests, will never be identical.  Moreover, when we send offers to Conflicted Counsel, here, we are unable to shield the amounts from each conflicted Party, as they are represented by two Conflicted Counsels, thus there is an implied collusion among the three conflicted Parties, just with sent offers, and basic conferrals.  Finally, under the totality of alleged plead criminal conduct, and procedural violations, the Court, here, must default the conflicted Defendants, and award punitive damages, which will sufficiently enjoin these conflicted Parties from ever again, engaging in such wanton behavior.  *Richmark v.*

### III. *REQUEST FOR JUDICIAL NOTICE* THAT PLAINTIFF'S UNOPPOSED *MOTION FOR DEFAULT*, PLAINTIFF'S *APPLICATIONS*,

8    *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

## AND THREE *REQUESTS FOR JUDICIAL NOTICE* WERE NOT

## AJUDICATED IN THIS MATTER.

The Court, here, should take judicial notice that the Defendant had until Oct. 25, 2021, to respond to Plaintiff's *Motion for Default* of the three conflicted Defendants in this case.  There is no opposing document on record at the time of this filing, only an *Opposition* document filed to a *Request for Default* against Alphabet Inc., which appeared late in this matter.  *Court Record*.  Thus, this *Motion for Default* is unopposed.  *Hauke Capital Partners L.P. v. Aeromed Services Corp.*, 2014 WL 2139250(failure to respond to Motion for Default grounds for Default).

Moreover, the Conflicted Counsel, here, also filed *Replies* to both his *Motions*, including the initial *Motion*, in which he was not admitted to the Court at filing, and *Judicial Notice* is requested.  Finally, we request *Judicial Notice* to be granted that the *Motion for Default* which was unopposed, two properly filed *Applications,* and three *Requests for Judicial Notice* were not adjudicated at all, one response to the *Application* from the Conflicted Counsel, contained one of the many cases, which did not stand for his position, and disallowed former matters to be the grounds for a contempt order, based on a Ninth Circuit ruling.  *See Conflicted Counsel's Argument in its Ex Parte Application Opposition of In re Dual-Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir.

9    *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

1993)(ninth circuit ruled contempt could not be found from evidence of ancillary related matters). The Court also makes no reference to Alphabet Inc. in its ruling, and it is unclear what its status is, it should be held responsible for failing to show up in this matter in a timely manner, and was properly served. *In Re Focus Media Inc.*, 387 F.3d 1077 (9th Cir. 2004). The fact that the Court does not address this Party, in its *Minutes Order*, demonstrates that it failed to follow due process in this matter, inadvertently. *Court Record*. Finally, the U.S. Government can default itself, and award punitive damages for its due process violation. *U.S. Constitution.*

## IV. JUDICIAL BIAS, AND RE-ASSIGNMENT IS PROPER AS DUE PROCESS WAS VIOLATED AND THE COURT FAILED TO ENFORCE FELONIES, CONFLICTS, AND PROCEDURAL VIOLATIONS.

The Court, here, should grant Re-Assignment for Judicial Bias when a Court has demonstrated personal bias, and also independently, if a Judicial Officer is likely to be a material witness. *Caperton v. U.S. v. Brown*, 539 F. 2d 467 (5th Cir. 1976). Any violation of due process in a matter, is grounds for a bias finding. *Id*. Judicial prejudice, here, is patent, as the Court failed to adjudicate over six documents, and attempts to make case law, abolishing conflict check, private records, arguing cases that stand for one's position, and having to be admitted to the Central District of California. *Court Record*. Such action is improper, and we make no capacity challenge but rather suggest that the totality of plead felonious

10      *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

conduct, triple concurrent representation, and procedural violations, removed this Court's volition, such that it was unable to, either, reference the conduct, or, even cite to the *Motions* in any of its Minutes rulings.  *18 U.S.C. Section 1030.  In Re American Airlines v.  Local Rules.*  This case on a factual basis speaks to National Security, pricing and illegal entry into email and customer running down from three of the largest companies in the World, in addition to torture, and this Court used a *Minutes Order*, and cited to much of Conflicted Counsel felonious conduct, in its ruling, including the feloniously entered settlement offers, citing to a specific dollar amount sent.

This comes in conjunction with the Court, requesting orally Plaintiff's bank account amount in front of the public, in a disgusting exhibition of a violation of civil rights, based on the Plaintiff being perceived to be less affluent than the conflicted trillion dollar Defendants.  *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186 (11th Cir. 1997).  *Rush v. Obledo*, 756 F.2d 713, 721 (9th Cir. 1985).  If the *Applications* had been adjudicated then the Court would be briefed on this illegal conduct that it self committed.  The Department of Justice and California Bar Leaderships, here, can help the Court understand its service of the U.S. Government, and not to obfuscate plead criminal conduct, and conflicts of interest from Conflicted Counsel.  Such behavior also patently is prejudicial.  Moreover, we intend to call Judge Blumenfeld at the hearing, on this *Re-*

11      *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

*Assignment* and *Default*, here, in order to state that he made the oral request for the record, and in a future action against the U.S. Government, which is required to protect my Client's rights, if we do not come to a resolution with the U.S. Government in this matter at hand.  Thus, re-assignment of this matter is proper under, either, sub section, and the a Re-Assigned Court should be used, here, to default the conflicted Defendants for their criminal conduct, conflicts, and procedural violations.

### V. OBSTRUCTION AND *F.R.C.P. Rule 11* SANCTIONS.

Conflicted Counsel, here, should be found to have obstructed justice and to have violated *Rule 11 Sanctions*.  *U.S. v.*  First, sanctions are warranted for: the plead entry of settlement offers into the record, which the Court ended up feloniously citing to, in its order, for attempting to represent three conflicted Parties at once, for perjurious statements, and for procedural violations.  *P.7 Minutes Order.  Federal Rules of Evidence 408.  18 U.S.C. Section 1512.  18 U.S.C. Section 1030.  In Re American Airlines v.  Richmark v.*  Conflicted Counsel, here, actually made a statement about failure to confer, after attaching an *Exhibit*, in this matter, called conferral emails, and represented that Conflicted Counsel had contacted Plaintiff about service on Alphabet Inc. after being served, when no such contact happened.  *Court Record.  Ho Sang Yim v.*  The Court was briefed on this alleged perjury, in the adjudicated documents.  Additionally, the *Local Rules*

12      *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

require sanctions of any Party that files a document late, and Conflicted Counsel, here, filed both its *Replies* late.

Second, Sanctions and Obstruction, here, are warranted, because the Plaintiff made countless written requests and oral requests for initial disclosures around discovery, in the pre discovery period by Conflicted Counsel, which is automatic grounds for default. *Model Rules of Attorney Conduct*. Further, Plaintiff also inquired, if Conflicted Counsel had disseminated this discovery, in the pre discovery period to the Court, emailing, either, the Judge, or, Department of Justice, with interviews of military personnel, Plaintiff's customers Plaintiff's bankers, Pepperdine Law Students, and Pepperdine Administration. Parts of this improper discovery was committed allegedly, after felonious entry into the Plaintiff's email and computer systems. The Re-Assigned Court should instruct this Court to come forward with such disseminated discovery in the pre discovery period immediately, as to withhold it would be a felony committed by the Judge, and further grounds for Quasi Government National Security intervention in this matter. Moreover, we made this initial disclosure request at the oral hearing, and the Judge refused to enforce it, instead attempting to gain private bank account information from the Plaintiff, instead, which is reversible error. Finally, the Re-Assigned Court, here, should order at the very least limited discovery on this issue.

13    *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

Conflicted Counsel, here, also obstructed initial disclosures around a Facebook Director, Mr. Jan Koum's $100MM purchase of a $20MM Malibu mansion from Mr. Ron Meyer, while Ha*vensight Capital v. Facebook Inc*.'s matter was pending, one in which the 9th Circuit failed to adjudicate properly, made a pre mature ruling, and attempted to remove the *Assignment Order* from the Record, after its initial blunder. *Appellate Court Record*. The Department of Justice, which is Independent to the Team, assigned to defend this matter, must investigate while this matter is of public record, in addition to the non adjudicated documents. Moreover, the Re-Assigned Court must find the plead felonies, triple conflicted representation, late *Replies*, and obstruction of initial disclosures to be sanctionable conduct.

## VI.  REQUEST FOR REFERRAL OF MATTER TO CALIFORNIA STATE BAR AND THE DEPARTMENT OF JUSTICE FROM RE-ASSIGNED COURT IMMEDIATELY AND *REQUEST FOR JUDICIAL NOTIC*E THAT THE COURT CITES SPECIFICALLY TO FELONIOUSLY ENTERED SETTLEMENT AMOUNTS IN ITS DEFECTIVE MINUTES ORDER.

We humbly request that the Re-Assigned Court, here, provide permission for Plaintiff to refer of this matter immediately, via service, both, to the Department of

14    *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

Justice, and the California Bar.  There is criminal conduct, here, plead by

Conflicted Counsel, and the California Bar Leadership will be able to guide the

Court, on proper adjudication of: plead felonies, alleged contacts feloniously with

Clients, after felonious entry into the email, triple conflicts, arguing of cases that

do not stand for one's position, late filings, and non admission to the Court.  The

California Bar Leadership can also guide this Court, about adjudicating documents

from, both, Plaintiffs, and Defendants, and not making civil rights violations

during oral hearings, but instead gaining valuable disclosures, which are required

to administer justice.

Moreover, I have full confidence, in the California Bar, and the Department

of Justice, and their work with this Court, can protect all of its Members from

closed door meetings, with National Security Leaders, who might have less

patience for those that would aide and abet conflicted trillion dollar companies, in

engaging in criminal conduct.  The Re-Assigned Court should note that we only

state that the incredible amount of violations, late filings, triple conflict, and

criminal acts from the Conflicted Court, caused the inadvertent errors from the

Court on such a large scale, and a bribery inquiry from those charged with

preserving the profession, is not necessary, with a new Re-Assigned Court, which

can act in the interest of justice, and restore volition to the Federal Court, such that

it can remain open to assist all members of society with civil issues.

15    *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for*
*Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

## VII.  AFFIDAVIT

I, Benjamin Woodhouse, conferred with Conflicted Counsel, and Alphabet Inc.'s Counsel on these *Motions*, *Requests for Judicial Notice*, and *Request*, and all *Motions* pertain to all Defendants, except for the Sanctions and Obstruction Motions, which do not pertain to Alphabet Inc.  This unconflicted Defendant, here, was compliant in its initial disclosures.  I have also electronically served, via the ecf all Parties with this filing, including the U.S. Government, via service on the Court Clerk.

## VIII. CONCLUSION.

In conclusion, the Court, here, must send all three of these conflicted Defendants a signal, in regards to: plead felonies, triple conflicts, admission to the Court, and repeated violations of the *Local Rules*, and *Judge's Standing Order*. Default Judgment and the award of sanctions, and obstruction, are appropriate as a result of such patent criminal behavior.  Moreover, punitive damages are appropriate, here, to enjoin these triple conflicted Defendants from engaging in criminal conduct, and procedural violations.  *18 U.S.C. Section 1030*.  *18 U.S.C. Section 1621*.  *18 U.S.C. Section 1832*.  *We Ride Corp. v.  Waits v.  In Re American Airlines v.*  The Court, here, is also empowered to default itself for its failure to adjudicate over six independent documents, and its improper taking of private

16     *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*

financial records during an oral hearing, and award punitive damages, against the U.S. Government.

Respectfully submitted,

*/s/ Benjamin Woodhouse*
Benjamin Woodhouse esq.
2369 Kronprinsends Gade, Ste. #8
Charlotte, VI. 00801
805 478 1958
California Bar #261361

17      *Motion for a New Trial, Motion for Default, Motion to Re-Assign Case for Judicial Bias, Motion for Obstruction, and Rule 11 Sanctions*, and *Requests*