UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-06372-SB | Date: | February 18, 2022 |
|---|---|---|---|

| Title: | *Benjamin Woodhouse v. The United States Government et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER**

　　On August 6, 2021, Plaintiff Benjamin Woodhouse filed an action before this Court, *Benjamin Woodhouse v. The United States Government (Woodhouse I)*, 2:21-cv-06372-SB.  Defendants Nike, Inc., Facebook, Inc., and Gibson Dunn & Crutcher LLP moved to dismiss the case for violation of vexatious litigant orders issued against Plaintiff's company, Havensight Capital, LLC, and further sought to have Plaintiff declared a vexatious litigant, impose sanctions against him, and hold him in civil contempt.  On November 24, 2021, this Court granted Defendants' motion and provided the requested relief, including a declaration that Plaintiff is a vexatious litigant.  The Court's order imposed prefiling conditions that required Plaintiff to:

> (1) obtain written authorization from a CDCA District or Magistrate Judge prior to filing any lawsuit in the CDCA against [Nike, Inc., Facebook, Inc., and Gibson Dunn & Crutcher LLP] for claims asserting government corruption or conspiracies or any issues or allegations raised in previous litigation in which Havensight was declared a vexatious litigant, including online advertisements, unfair

business practices, anticompetitive conduct, breach of contract, misappropriation of trade secrets, infringement of intellectual property, fraud, tortious conduct, negligence, or racketeering; and (2) deposit $5,000 with the clerk of the court to secure the payment of any costs, sanctions, or other amounts that may be awarded against Plaintiff.

*Woodhouse v. United States Gov't*, No. 2:21-CV-06372-SB, 2021 WL 6333468, at *8 (C.D. Cal. Nov. 24, 2021).

Plaintiff has since filed a new action, *Benjamin Woodhouse v. The United States Government (Woodhouse II)*, No. 2:22-cv-00285-CAS, before the Honorable Christina A. Snyder. On January 27, 2022, Judge Snyder issued an order to show cause regarding dismissal of the action and referred Plaintiff's complaint to this Court "for the limited purpose of determining whether it falls within the constraints of Judge Blumenfeld's November 24, 2021 vexatious litigant order." *Woodhouse II*, No. 2:22-cv-00285-CAS, Dkt. No. 20, at 2.

Because Plaintiff has named me as a defendant in the case before Judge Snyder, I must first consider whether to disqualify myself from addressing the question presented. The allegations against me in the *Woodhouse II* complaint are based on my decision in *Woodhouse I* to dismiss the complaint in that case, declare Plaintiff a vexatious litigant, hold him in civil contempt, and order him to pay Defendants' reasonable attorney's fees and costs. In fact, Plaintiff attaches my order to his complaint in *Woodhouse II*, refers to it repeatedly as a "defective order," and states:

> The Plaintiff brings an action against the U.S. Government, including Judge Blumenfeld Jr. for engaging in alleged obstruction, citing to criminal conduct, in a defective Minute Order, and allegedly interfering with Judge Klausen [sic], who is also a named Defendant, here, for obstructing due process and trying to abrogate the right to file a Complaint against the U.S. Government.

*Woodhouse II* Complaint, No. 2:22-cv-00285-CAS, Dkt. No. 1, at 1. Thus, the allegations in the complaint indicate that I am included as a defendant based on my rulings in *Woodhouse I*.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality

might reasonably be questioned." But the Ninth Circuit explained that "a judge is not disqualified merely because a litigant sues or threatens to sue him" because "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984); *see also Laird v. Tatum*, 409 U.S. 824, 837 (1972) ("[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified."); *Gabor v. Seligmann*, 222 F. App'x 577, 578 (9th Cir. 2007) (upholding a district judge's decision not to recuse himself after he was named as a defendant in an amended complaint). The concern articulated by the Ninth Circuit has particular force in the context of a vexatious litigant who sues judges based on their rulings against him. Therefore, the Court finds that 28 U.S.C. § 455 does not mandate recusal, which would only serve to encourage forum shopping and disrupt the orderly administration of justice.

The allegations against Nike, Meta Verse Inc., and Gibson Dunn in *Woodhouse II* fall within the scope of this Court's vexatious litigant order. The order applies to any lawsuit filed by Plaintiff against Nike, Inc., Facebook, Inc., Meta Platforms, Inc., or Gibson Dunn & Crutcher LLP "for claims asserting government corruption or conspiracies or any issues or allegations raised in previous litigation in which Havensight was declared a vexatious litigant, including online advertisements, unfair business practices, anticompetitive conduct, breach of contract, misappropriation of trade secrets, infringement of intellectual property, fraud, tortious conduct, negligence, or racketeering." *Woodhouse I*, 2021 WL 6333468, at *8. In *Woodhouse II*, Plaintiff has sued Nike, Meta Verse Inc.,[1] and Gibson Dunn. *Woodhouse II*, No. 2:22-cv-00285-CAS, Dkt. Nos. 21, 47. Plaintiff brings a claim for intentional inference with prospective economic relations that is based on similar issues raised in his suit against Nike, Facebook, and Gibson Dunn in *Woodhouse I* and in prior litigation filed by his company Havensight. Plaintiff also brings claims of obstruction, fraud, and collusion based on alleged corruption by Nike, Facebook, Gibson Dunn, and various government officials. The vexatious litigant order explicitly referred to "claims asserting government corruption or conspiracies or any issues or allegations raised in previous litigation

---

[1] Although Plaintiff names Meta Verse Inc. as a defendant, he appears to be referring to Meta Platforms, Inc., formerly known as Facebook, Inc., the parent organization of Facebook. *Woodhouse II*, Dkt. No. 47, at 4–8.

in which Havensight was declared a vexatious litigant," including fraud or tortious conduct. *Woodhouse I*, 2021 WL 6333468, at *8.[2]

Accordingly, the Court finds that the claims against Nike, Inc., Meta Verse, Inc., and Gibson Dunn Inc. fall within the scope of the Court's vexatious litigant order.


cc: Hon. Christina A. Snyder, United States District Judge

---

[2] While the allegations in *Woodhouse II* are often difficult to decipher, they clearly implicate the vexatious litigant order. This is clear from Plaintiff's argument that this Court's order in *Woodhouse I* has no res judicata effect because that ruling did not adjudicate the merits of the issues he is raising in *Woodhouse II*.