FILED
CLERK, U.S. DISTRICT COURT

March 1, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____jgr_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Benjamin Woodhouse

**PLAINTIFF(S)**

v.

The United States Government et al

**DEFENDANT(S).**

CASE NUMBER

2:21-cv-06372-SB

## NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

On February 28, 2022, the Court received the attached
☐ Complaint ☐ Petition ☐ Notice of Removal, captioned _____
☒ other document(s), entitled Request for Re-instatement of electronic filings
from Benjamin Woodhouse, who was found by the Court on November 24, 2021
in case number 2:21-cv-06372-SB to be a vexatious litigant and/or subject to the following restrictions on the filing of additional documents:

☒ A court order or written authorization from a judge must be obtained prior to the filing of document(s).
☐ Submission of document(s) for filing requires a Motion for Leave to File.
☐ Document(s) must be pre-screened by the Court before filing.
☐ Filing fee must be paid.
☐ No further filings are to be accepted in this case from the person named above or anyone acting on his or her behalf.
☐ Bond in the amount of $_____ must be posted in order to proceed.
☐ Other :

Pursuant to the terms of the order imposing filing restrictions, the attached document(s) will be forwarded to the ☐ assigned magistrate judge ☒ assigned district judge ☐ Chief Judge for review.

---

☐ IT IS HEREBY ORDERED that the document(s) presented:
  ☐ be filed in the above-captioned case.
  ☐ be filed in case number _____ .
  ☐ be filed as a new case.

*or*

☐ IT IS RECOMMENDED that the document(s) presented not be filed. The Clerk is directed to forward this recommendation to the appropriate district judge for review.

_____    _____
Date                        United States Magistrate Judge

---

IT IS HEREBY ORDERED that the document(s) presented
  ☒ not be filed.
  ☐ be filed in the above-captioned case.
  ☐ be filed in case number _____ .
  ☐ be filed as a new case.

March 1, 2022                *[signature]*
Date                         United States District Judge

CV-115 (04/2018)          NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

**RECEIVED BUT NOT FILED**
CLERK, U.S. DISTRICT COURT

FEB 28 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: KMH DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MR. BENJAMIN WOODHOUSE

Plaintiffs,

v.

THE UNITED STATES GOVERNMENT ET AL.,

Defendants.

Case No. 2:22-cv-00285-C.A.S.

PLAINTIFF'S *REQUEST FOR RE-INSTATEMENT OF ELECTRONIC FILINGS ABILITIES FOR PLAINTIFF'S COUNSEL BY RE-ASSIGNED COURT, REQUEST FOR JUDICIAL NOTICE OF 9th CIRCUIT LAW MAKING PRE-FILING CONDITIONS ILLEGAL, REQUEST FOR RE-ASSIGMENT OF MOTION FOR DISQUALIFICATION, VIA OPERATION OF LAW,* AND *REQUEST FOR DEFAULT.*

## PLAINTIFF'S *REQUEST FOR RE-INSTATEMENT OF ELECTRONIC FILINGS ABILITIES FOR PLAINTIFF'S COUNSEL BY RE-ASSIGNED COURT, REQUEST FOR JUDICIAL NOTICE OF 9th CIRCUIT LAW MAKING PRE-FILING CONDITIONS ILLEGAL, REQUEST FOR RE-ASSIGMENT OF MOTION FOR DISQUALIFICATION, VIA OPERATION OF LAW,* AND *REQUEST FOR DEFAULT.*

The Plaintiff, here, humbly and respectfully requests that the Hon. Christina Snyder re-assign the pending *Motion for Disqualification*, via operation of law, that the re-assigned Court, reinstates the Plaintiff's ability to electronically file documents, as it is felonious for the Court to make such an order, the Court take judicial notice, again, of 9th Circuit case law, which makes pre-filing conditions illegal, and also consider, moving on its own, to re-assign the filed *Amended Complaint* and *Amended Summons* to a different Court, as a result of already filing a conflict of interest, with the Parties to the *Amended Complaint,* in case *2:21-cv-06372*.

### I. PLAINTIFF'S MOTION FOR DISQUALIFICATION MUST BE RE-ASSIGNED VIA OPERATION OF LAW

It is required, under operation of law, for a re-assigned Court, to adjudicate our filed *Motions for Disqualification. 28 U.S.C. Section 455. Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1991)(Judge working for Latham Watkins not impartial).

*Requests* and *Request for Judicial Notice*

1

The Court, here, should also note that all Motions must be adjudicated. *See Gordon Mailloux Enter. v. Firemen's Ins. Co.*, 366 F.2d 740 (9th Cir. 1966)(Undisposed Motion must be ajduicated, Order reversed). This *Motion* was brought, here, as the Court twice filed into the public record that it has conflicts of interest, with the Conflicted Trillion Dollar Companies, and then inadvertently had a freudian slip and wrote a text order, stating no economic conflict of interest. *Court Record*. The Court, here, must re-assign the matter, and it cannot be re-assigned to Judge Blumenfeld, as he is a named Defendant, in this matter. Judge Blumenfeld is named, as he upheld plead felonies and conflicts, in *2:21-cv-06372*, and engaged in alleged obstruction in failing to address written and oral hearing requests around illegal discovery in the pre-discovery period, which was disseminated to him. It is also alleged that Triple Conflicted Counsel, in *2:21-cv-06372,* disseminated binders to Judge Blumenfeld, filled with illegal discovery in the pre-discovery period. These were never provided to Plaintiffs Counsel, which is per se obstruction.

Moreover, Judge Blumenfeld is a potential witness to this matter, at hand, and the fact that he has after failing to adjudicate twelve of the Plaintiff's filed *Motions* and *Applications*, has also failed to take notice of 9th Circuit case law, regarding pre-filing conditions, it is possible that he is lacking capacity, and a capacity challenge will be presented to the 9th Circuit and the California Bar. Thus, the Court, must, here, have a non conflicted reviewing Court, adjudicate this Motion for Disqualification via operation of law. The hearing is set for March 7th, 2022 in Judge Snyder' Court, and

*Requests* and *Request for Judicial Notice*

2

1  must be re-assigned to a different Court.
2
3      Finally, the Court, here, cannot prematurely dismissed an Amended Complaint,
4  without a defensive document. The 9th Circuit has held that any such pre-mature
5  adjudication is grounds for immediate reversal, and the enclosed *section II* of this
6  filing, presents, the case law that make pre-filing conditions illegal. *Cantran Grp. v.
7  Cups, LLC*, No. 18-56545 (9th Cir. Feb. 7, 2020)(Improper striking of Amended
8  Complaint). *Fenner v. Dependable Trucking Co., Inc.,* 716 F.2d 598 (9th Cir.
9  1983)(Motion for New Trial granted after Court failed to adjudicate Motion and
10 instead stated that "it would work something out."). Additionally, the Triple
11 Conflicted Counsel, here, cannot plead in matter, as there is likely evidence that it
12 disseminated binders of illegal discovery to Judge Blumenfeld, and Plaintiff's Counsel
13 can easily present to the Court, declaration of deposed Pepperdine Law
14 Administration, Pepperdine Law Alums and Military Personnel. If ther Triple
15 Conflicted Counsel, here, pleads that they did not conduct the illegal discovery in the
16 pre-discovery period, which will be grounds for impeachment, it will be an additional
17 plead felony, subsequent to the multiple instances of plead felonies, which are before
18 the 9th Circuit, in the matter of *22-55045*.

## II. REQUEST FOR JUDICIAL NOTICE OF 9th CIRCUIT CASE LAW MAKING IT UNCONSTITUTIONAL AND ILLEGAL TO MAKE PRE-FILING CONDITIONS

*Requests* and *Request for Judicial Notice*

3

The Court, here, must take judicial notice that the 9th Circuit has upheld pre-filing conditions of any kind, and even in vexatious litigant circumstances to be illegal and unconstitutional. *See Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1067 (9th Cir. 2014)(pre filing conditions unconstitutional even in vexatious situations). *See also, In re Gustafson*, 619 F.2d 1354, 1355 (9th Cir. 1980)(Contempt cannot be wielded to cloak judicial collusion and quelling of Plaintiff's speech). *De Long v. Henessey*, 912 F.2d 1144 (9th Cir. 1990). Further, as this matter involved criminal obstruction from case *2:21-cv-06372*, *res judicata* cannot apply, here, as the obstruction eminates from the matter itself, thus a Court could not have already ruled on the obstruction, as the obstruction actually happened during the case. *Yanez v. U.S.*, 989 F.2d 323 (9th Cir. 1993).

Moreover, as the Court, in *2:21-cv-06372*, ruled for Triple Conflicted Counsel, despite Triple Conflicted Counsel: pleading felonious entry of confidential settlement offers, pleading felonious entry seperately of attorney emails, not being admitted to the Court, filing a *Motion* overlength, filing three documents late, arguing over seven documents that did not stand for Triple Conflicted Counsel's position, including replies to both duplicative *Motions to Dismiss*, being triple conflicted, in representing his own Firm, and trillion dollar companies at the same time, and interfering with *U.S. Government Applications* by pleading responses into the record. *18 U.S.C. Section 1030. Local Court Rules. In Re American Airlines v.*, 972 F.2d 605 (5th Cir. 1992). *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992).

*Requests* and *Request for Judicial Notice*

4

*U.S. v. Silva*, 247 F.3d 1051 (9th Cir. 2001). Such upholding of felonies and conflicts, suggest patent undue influence being exerted over the Court, here, by conflicted trillion dollar companies, and cannot be a basis for unconstitutional pre-filing conditions.

### III. REQUEST FOR RE-INSTATEMENT BY RE-ASSIGNED COURT OF PLAINTIFF'S ABILITY TO ELECTRONICALLY FILE DOCUMENTS, AS SUCH ABROGATION IS FELONIOUS

The Plaintiff, here, humbly requests that the re-assigned Court, which reviews the *Motion for Disqualification*, re-instate the Plaintiff's ability to make electronic filings. *In Re Complaint of Judicial Misconduct*, 761 F.3d 1097, 1099 (9th Cir. 2014). *See also Offutt v. United States*, 348 U.S. 11, 16 (1954)(Judicial "wrangling" with Counsel to constitue Judicial bias and basis for remand). The Plaintiff, here, cannot get notices from the Court in his email, Plaintiff's Counsel cannot practice law and earn a living, and Plaintiff cannot protect the rights of his Client, which this bizarre abrogation remains in place. Moreover, the Court would be guily of obstruction, if the Plaintiff is, either, unable to appeal the obstruction matter at hand, or, if the newly re-assigned Court, here, cannot enforce the plead felonies, and conflicts of record, and order discovery around the alleged felonies in question, which include Triple Conflicted Counsel entering the California system to make changes to Gibson Dunn Inc.'s registration document.

*Requests* and *Request for Judicial Notice*

5

Moreover, there is no Federal Law, No State Law, and no Rule in the *Local Rules* that empowers Courts to quell Plaintiff speech, by removing electronic filing abilities, and there is no case law in research that offers precedent for such a obsequious and puerile act, which was conducted by a Court that might not have capacity, and is under investigation by the California Bar, among other National Security Agencies. There is also no specific text as to the removal of electronic filing ability in any order, it is simply included in docket text in one of the Court's unnecessary *Orders*, which does not address any filing before its own Court. *See Court Record.* We humbly request that the Court not transform from upholding felonies and conflicts, to moving autonomously to commit independent felonies, but rather, here, has a special moment, and commences, both, restoring decorum to the Court, and reviewing criminal conduct.

## IV. THE COURT MUST TAKE JUDICIAL NOTICE THAT TRIPLE CONFLICTED DEFENDANTS HAVE NOT RESPONDED TO THE FILED MOTIONS AND SHOULD BE DEFAULTED

The Court, here, must take judicial notice that neither, Triple Conflicted Counsel, nor, any Counsel for the conflicted Defendants have responded to the any of the Motions pending. Any response at this point would be weeks late. Moreover, the *Motions* were duly served on the triple conflicted Defendants at their respective agent of process, by a process server, as evidenced by the filed *Proof of Service* and

*Requests* and *Request for Judicial Notice*

6

*Unexecuted Summons* filings, which were signed by a independent process server. *See Court Record.* Service of the Agent of Process was chosen, as Alphabet Inc. failed to defend, in *2:21-cv-06372*, claiming that serivce on Triple Conflicted Counsel, their attorney at the time, was not proper. The Court in *2:21-cv-06372* failed to adjudicate twelve *Motions* and *Applications* filed by the Plaintiff, thus the issue was never addressed by the Court, which is now under a capacity challenge and an investigation for bribery.

It is proper, here, for the Court to, either, grant the *Motion*, or, this *Request*, and award record puntive damages for the triple conflicted Counsel's failure to respond to the *Motions*. *See Garamendi v. Henin*, 683 F.3d 1069, 1083 (9th Cir. 2012)(Court does not need to stay the record and can move autonomously to default Defendants.). *S.E.C. v. Internet*, 509 F.3d 1161 (9th Cir. 2007). Triple Conflicted Counsel's plead felonies, triple conflict, non admission to the Court, three late filings, interferences with U.S. Applications, and prcoedural violations, here, in *2:21-cv-06372* are still of record, and in front of the 9th Circuit. Also, as stated, Triple Conflicted Counsel cannot plead in this matter at hand, because it has likely engaged in the alleged obstruction. Further, the Court, here, should apply record punitive damages, such that the triple conflicted Defendants are enjoined in future from failing to respond on time, and commiting plead felonious conduct, in addition to alleged felonious conduct and obstruction. *Waits v. Frito Lay Inc.*, 978 F.2d 1093 (9th Cir. 1992). *F.R.C.P. Rule 11* Sanctions are also in order for this conduct.

## V. AFFIDAVIT AND PROOF OF SERVICE

I hereby state that all facts in this declaration, are true and correct, to the best of my knowledge. This filing will be served on the Agents of Process for Alphabet Inc., Nike Inc., Facebook Inc. and Gibson Dunn Inc., in addition to the U.S. Attorney's office, via first class mail.

## VI. CONCLUSION

In Conclusion, the Court, here, should reinstate electronic filing privileges, re-assigned the pending *Motions* as required by law, and default the conflicted Defendants for failing to respond, and for their plead felonies and conflicts of record, in *2:21-cv-06372*, in addition to their alleged obstruction, in disseminating illegal discovery in the pre-discovery period to the Court, in *2:21-cv-06372*. The Court, here, should also consider, applying record punitive damages for such egregious plead conduct.

Respectfully submitted,

/s/Benjamin Woodhouse
Havensight Capital L.L.C.
2369 Kronprinsends Gade
Charlotte, VI. 00802
benjamin.woodhouse@gmail.com
805 478 1958
Cal Bar #261361

*Requests* and *Request for Judicial Notice*

9

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT

FEB 28 2022

CENTRAL DISTRICT OF CALIFORNIA
BY ___KmK___ DEPUTY

Mr. Benjamin Woodhouse
Attorney for Plaintiff
2369 Kronprinsends Gade Ste. #8
Charlotte, VI. 00802
805 478 1958
benjamin.woodhouse@gmail.com
Cal Bar #261361

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mr. Benjamin Woodhouse, A resident of the U.S. Virgin Islands, Havensight Capital L.L.C., A U.S. Virgin Islands corporation.<br><br>Plaintiffs,<br><br>v.<br><br>The United States Government, the Hon. Stanley Blumenfeld Jr., Acting as a Government Official, a California citizen, the Hon. Gary Klausner, Acting as a Government Official, Gibson Dunn Inc., A California Corporation, Meta Platforms Inc., a Delaware Corporation, Nike Inc., a Delaware Corporation, Alphabet Inc., a California Corporation, the Hon. Fernando Olguin, Acting as a Government Official, the resident of California, the Hon. Manuel Real, Acting as a Government Official, resident of California, the Hon. Otis Wright, Acting as a Government Official, resident of California, Mr. Daniel Beck, Acting as a Government Official, Acting as a Government Official, resident of California, Ms. Traci Wilkison, Acting as a Government Official, resident of California, Mr. David Harris, Acting as | Case No.: 2:22-cv-00285-C.A.S.<br><br>Plaintiff's *Proof of Service* for *Amended Complaint* and *Amended Summons* |

a Government Official, resident of California, Ms. Joanne Osinoff, Acting as a Government Official, and resident of California and resident of California, Hon. Philip Gutierrez, Acting as a Government Official, and resident of California, and the Hon. Christina A. Snyder, Acting as a Government Official, and resident of California.

Defendants.

## PROOF OF SERVICE.

The Plaintiff files the attached *Proof of Service*, attached as *Exhibit A* for: the *Amended Complaint,* and *Amended Summons* for Nike Inc., Meta Platforms Inc. and Alphabet Inc., which was served on their respective Agent of process. Also, it is declared that the U.S. Government and Gibson Dunn Inc. were served with these documents and the *Amended Summons* for the U.S. Government via first class

        /s/Benjamin Woodhouse
Havensight Capital
L.L.C.2369 Kronprinsends
Gade Charlotte, VI. 00802
805 478 1958Cal Bar
#261361

# EXHIBIT A

## RETURN OF SERVICE

UNITED STATES DISTRICT COURT
Los Angeles District of California

Case Number: 2:22-CV-00285-CAS

Plaintiff:
**Mr. Benjamin Woodhouse, A resident of the U.S. Virgin Islands, Havensight Capital L.L.C., A U.S. Virgin Islands corporation**

vs.

Defendant:
**The United States Government, et al.**

For:
MR. BENJAMIN WOODHOUSE
ATTORNEY FOR PLAINTIFF
2369 KRONPRINSENDS GADE ST.
#8
CHARLOTTE, VI 00802

Received by AAA Attorney Services II, Inc. on the 22nd day of February, 2022 at 1:24 pm to be served on **META PLATFORMS INC, A DELAWARE CORPORATION; NIKE INC., A DELWARE CORPORATION; ALPHABET INC., A CALIFORNIA CORPORATION, CSC - LAWYERS INCORPORATING SERVICE, 2710 GATEWAY OAKS DR., SUITE 150N, SACRAMENTO, CA 95833**.

I, KRYSTALYN SOUZA, do hereby affirm that on the **24th day of February, 2022** at **3:02 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Amended Complaint and Amended Summons for U.S. Government and Amended Summons for Nike Inc., Alphabet Inc., and Meta Platforms Inc.** with the date and hour of service endorsed thereon by me, to: **JENN BAUTISTA** as **Registered Agent** at the address of: **CSC - LAWYERS INCORPORATING SERVICE, 2710 GATEWAY OAKS DR., SUITE 150N, SACRAMENTO, CA 95833** on behalf of **META PLATFORMS INC, A DELAWARE CORPORATION; NIKE INC., A DELWARE CORPORATION; ALPHABET INC., A**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30+, Sex: F, Race/Skin Color: ASIAN, Height: 5'3", Weight: 130, Hair: BLK, Glasses: .

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

KRYSTALYN SOUZA
PS-047

**AAA Attorney Services II, Inc.**
**P.O. Box 2309**
**Orange, CA 92859**
**(714) 633-4167**

Our Job Serial Number: ACA-2022001056

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT

FEB 28 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. BENJAMIN WOODHOUSE,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES GOVERNMENT ET AL.,<br><br>Defendants. | Case No. 2:21-cv-06372<br><br>[PROPOSED] *ORDER* GRANTING PLAINTIFF'S *REQUEST FOR RE-INSTATEMENT OF ELECTRONIC FILINGS ABILITIES FOR PLAINTIFF'S COUNSEL BY RE-ASSIGNED COURT, REQUEST FOR JUDICIAL NOTICE OF 9th CIRCUIT LAW MAKING PRE-FILING CONDITIONS ILLEGAL, REQUEST FOR RE-ASSIGMENT OF MOTION FOR DISQUALIFICATION, VIA OPERATION OF LAW, AND REQUEST FOR DEFAULT*. |

The Court, here, grants the Plaintiff's *Requests*, and awards $2.9 Billion dollars in punitive and compensatory damages, respectively, against each of the following, the U.S. Government in self default, Nike Inc., Meta Platforms Inc., Alphabet Inc., and Gibson Dunn Inc. for: plead felonies, plead perjury, triple conflict, abrogation of due process, multiple interferences, and procedural violations. *18 U.S.C. Section 1621. Federal Rules of Evidence 408. In Re American Airlines v.,* 972 F.2d 605 (5th Cir. 1992). *Ho Sang Yim v. Barr*, No. 17-70624 (9th Cir. 2020). *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992).

Dated: _____

_____
**Christina A. Snyder**
**United States District Judge**

2